IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NIKHILA CHAYAPATHY, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:21-cv-458-K-BN |
| TRACY RENAUD, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | § § § § § § | |
| Defendant. | § | |
| DEEPALI UDAY MUDDEBIHAL, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:21-cv-460-K-BN |
| TRACY RENAUD, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | § § § § § § | |
| Defendant. | § | |
| SRINIDHI REDDY ADUNUTHULA, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:21-cv-467-L |
| TRACY RENAUD, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | § § § § § § | |
| Defendant. | § | |
| RAJALAKSHMI NATARAJAN, | § § | |

|  |  |  |
|---|---|---|
| Plaintiff, | § § | |
| V. | § § | No. 3:21-cv-472-G-BN |
| TRACY RENAUD, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | § § § § § § | |
| Defendant. | § | |
| APARNA THARLAPALLY, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:21-cv-475-K-BN |
| TRACY RENAUD, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | § § § § § § | |
| Defendant. | § | |
| AMUTHAN RAMAN, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:21-cv-478-G-BN |
| TRACY RENAUD, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | § § § § § § | |
| Defendant. | § | |
| SHARMILA SUBHADARSINEE SAHU, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:21-cv-479-K-BN |
| TRACY RENAUD, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. CITIZENSHIP AND | § § § | |

| | | |
|---|---|---|
| IMMIGRATION SERVICES,<br><br>        Defendant. | §<br>§<br>§ | |
| VANI KOVVURU,<br><br>        Plaintiff,<br><br>V.<br><br>TRACY RENAUD, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>        Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:21-cv-481-G-BN |
| SAI PRASANNA POLU,<br><br>        Plaintiff,<br><br>V.<br><br>TRACY RENAUD, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>        Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:21-cv-484-G-BN |
| NAGASAI PRAVALLIKA YERRAMSETTI,<br><br>        Plaintiff,<br><br>V.<br><br>TRACY RENAUD, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>        Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:21-cv-486-K-BN |
| SREE DURGA PAMULAPATI, | §<br>§ | |

|  |  |
|---|---|
| Plaintiff, | § § |
| V. | § § No. 3:21-cv-488-G-BN |
| TRACY RENAUD, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | § § § § § § |
| Defendant. | § |
| NIKHILA NYSHADHAM, | § § |
| Plaintiff, | § § |
| V. | § § No. 3:21-cv-491-G-BN |
| TRACY RENAUD, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | § § § § § § |
| Defendant. | § |
| SRUTHI SAGI, | § § |
| Plaintiff, | § § |
| V. | § § No. 3:21-cv-628-L |
| TRACY RENAUD, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | § § § § § § |
| Defendant. | § |
| VISHALI JANARDHAN ENNALA, | § § |
| Plaintiff, | § § |
| V. | § § No. 3:21-cv-638-E-BN |
| TRACY RENAUD, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. CITIZENSHIP AND | § § § § |

| | | |
|---|---|---|
| IMMIGRATION SERVICES, | § § § | |
| Defendant. | § | |
| SOUMYA KASTALA, | § § § § | |
| Plaintiff, | § | |
| V. | § § | No. 3:21-cv-642-K-BN |
| TRACY RENAUD, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | § § § § § § | |
| Defendant. | § | |
| SACHIN SAHGAL, | § § § § | |
| Plaintiff, | § | |
| V. | § § | No. 3:21-cv-643-K-BN |
| TRACY RENAUD, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | § § § § § § | |
| Defendant. | § | |
| SHANTHI VELUPANDIAN, | § § § § | |
| Plaintiff, | § | |
| V. | § § | No. 3:21-cv-646-K-BN |
| TRACY RENAUD, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | § § § § § § | |
| Defendant. | § | |
| PRITI BINIWALE, | § § § | |
| Plaintiff, | | |

|   |   |   |
|---|---|---|
| V. | § § § | No. 3:21-cv-650-K-BN |
| TRACY RENAUD, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | § § § § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

These 18 separate actions by individual plaintiffs all represented by the same counsel have been brought against the Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services (the USCIS) under the Administrative Procedures Act (the APA). Plaintiffs are H-4 applicants and visa holders and sue the USCIS alleging unlawful delay in its adjudicating applications they need to work in the United States.

In each above-captioned case, either through a motion referral or a pretrial management referral, the presiding United States district judge has referred to the undersigned United States magistrate judge for hearing, if necessary, and determination under 28 U.S.C. § 636(b) the USCIS's motion to quash subpoena and for a protective order and motion to stay the April 27, 2021 deposition of John Pearce, Section Chief of the Texas Service Center, pending a decision on the motion to quash and for a protective order. As ordered, each plaintiff filed a response, the government replied in each case, and, in some cases, the plaintiff has filed a notice of supplemental authority.

To understand how we got here the Court pauses to observe that each case captioned above was severed from one of two multiple-plaintiff cases filed in this

district: *Kolluri v. USCIS*, No. 3:20-cv-2897-N (N.D. Tex.), or *Neema v. Renaud*, No. 3:21-cv-101-S (N.D. Tex.). *See, e.g.*, No. 3:20-cv-2897-N, Dkt. No. 51 at 3 (severing each plaintiff to whom venue is proper in this district into a separate action "[b]ecause this case will turn on individualized inquiries into the circumstances of each"); *see also id.*, Dkt. No. 28 at 19 (USCIS's motion requesting severance, arguing that, "[t]o assess whether USCIS's processing time for each application violates the APA, the Court will need to review a unique administrative record for each application" and that, "if each claim was not severed, the Court will need to give each claim and administrative record 'individualized attention'" (citation omitted)).

"When reviewing an agency action under the APA, [a federal court reviews] 'the whole record or those parts of it cited by a party.'" *Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (quoting 5 U.S.C. § 706). Indeed, "in reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record," a principle which "reflects the recognition that further judicial inquiry into 'executive motivation' represents 'a substantial intrusion' into the workings of another branch of Government and should normally be avoided." *Dep't of Commerce v. N.Y.*, 139 S. Ct. 2551, 2573 (2019) (citations omitted).

This principle applies equally to a court's review of agency inaction under Section 706(1): "Nothing in the statutory text distinguishes the scope of record review based on whether the claim is directed at agency action or inaction. And nowhere does the text even hint at extra-record review occurring as a matter of course when

agency action is alleged to be 'unlawfully withheld or unreasonably delayed.'" *Dallas Safari Club v. Bernhardt*, ___ F. Supp. 3d ___, No. 19-cv-03696 (APM), 2021 WL 495078, at *3 (D.D.C. Feb. 9, 2021) (quoting 5 U.S.C. § 706(1)) (cited in *Gondhi v. Cuccinelli*, No. 3:20-cv-3398-N, Dkt. No. 27 (N.D. Tex. Apr. 8, 2021)).

And "[s]upplementation of the administrative record is not allowed unless the moving party demonstrates 'unusual circumstances justifying a departure' from the general presumption that review is limited to the record compiled by the agency." *Medina Cnty.*, 602 F.3d at 706 (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)).

The United States Court of Appeals for the Fifth Circuit has recognized the following unusual circumstances under which supplementation "may be permitted":

> (1) the agency deliberately or negligently excluded documents that may have been adverse to its decision, ...
> (2) the district court needed to supplement the record with "background information" in order to determine whether the agency considered all of the relevant factors, or
> (3) the agency failed to explain administrative action so as to frustrate judicial review.

*Id.* (quoting *Am. Wildlands*, 530 F.3d at 1002).

And the United States Supreme Court has "recognized a narrow exception to the general rule against inquiring into 'the mental processes of administrative decisionmakers.' On a 'strong showing of bad faith or improper behavior,' such an inquiry may be warranted and may justify extra-record discovery." *Dep't of Commerce*, 139 S. Ct. at 2573-74 (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)).

Key to the parties' current dispute is when this Court should consider whether

to authorize extra-record discovery. That is, the Court does not understand USCIS's position to be that no extra-record discovery should ever be considered in any of these cases. At least such a position would make little sense now – prior to USCIS's producing "a unique administrative record for each" plaintiff. No. 3:20-cv-2897-N, Dkt. No. 28 at 19.

But the plaintiffs urge the Court to deny the government's motions and thus allow extra-record discovery to proceed now – before the administrative records are filed in these cases – in sum because USCIS "has already identified the contents of the certified administrative record in this Court, *Gondhi v. USCIS*, No. 3:20-cv-03398-N, ECF No. 23 (N.D. Tex. Mar. 8, 2021), and it stipulated that, but for the dates of receipt and biometrics, the contents of the records would be identical. *See Harish v. USCIS*, No. 3:21-cv-00459-M, ECF No. 59 (N.D. Tex. April 2, 2021)." *E.g.*, No. 3:21-cv-458-K-BN (N.D. Tex.), Dkt. No. 70 at 16. And, "[b]ased on [this] stipulation …, it is difficult to decipher any rationale [USCIS] may have to argue the record for the remaining 49 cases in this district would be any different." *Id.*

This speculation may bear out. "But as the Supreme Court recently reiterated in *Department of Commerce*, any such extra-record discovery should only be ordered *after* the government produces the administrative record." *Ramos v. Wolf*, 975 F.3d 872, 901 (9th Cir. 2020) (R. Nelson, J., concurring); *see also Sierra Club v. Dep't of Energy*, 26 F. Supp. 2d 1268, 1271 (D. Colo. 1998) ("Extra record evidence may be allowed in cases where an agency is being sued for failure to act *if the record before the court* is insufficient for the court to determine whether the agency unlawfully

withheld compliance with a statutory mandate." (citation omitted; emphasis added)).

> In *Department of Commerce*, the plaintiffs brought APA and equal protection challenges to the Secretary of Commerce's decision to add a citizenship question to the 2020 census. 139 S. Ct. at 2562-64. After briefing on a motion to dismiss, the administrative record was still not complete. *Id.* at 2563-64. As a result, the district court ordered the government to complete the administrative record. *Id.* at 2564. But it also went a step further, ordering extra-record discovery in the same hearing. *Id.* The Supreme Court held – and eight Justices who reached the question agreed – that the district court abused its discretion in "order[ing] extra-record discovery when it did." *Id.* at 2574; *id.* at 2580 (Thomas, J., concurring in part and dissenting in part) (noting that "all Members of the Court who reach the question agree that the District Court abused its discretion in ordering extra-record discovery" when it did). "At that time, the most that was warranted was the order to complete the administrative record." *Id.* at 2574.

*Ramos*, 975 F.3d at 901 (R. Nelson, J., concurring).

Simply put, until there is a complete administrative record unique to a particular case, the Court is not in a position to evaluate whether "an exception to the APA's record-review requirement" applies to that case – particularly the bad-faith-or-improper-behavior exception. *Id.* ("Whether the district court could have eventually justified ordering extra-record discovery under an exception to the APA's record-review requirement, like the district court did in *Department of Commerce*, is beside the point. At the time the district court ordered discovery – before the administrative record was even complete – the district court could not make such a determination. The district court therefore abused its discretion in 'order[ing] extra-record discovery when it did.'" (quoting *Dep't of Commerce*, 139 S. Ct. at 2574)); *see also, e.g.*, *Marllantas, Inc. v. Rodriguez*, 806 F. App'x 864, 867 (11th Cir. 2020) (per curiam) ("The district court may order discovery beyond the administrative record only where there is 'a strong showing of bad faith or improper behavior' by the agency.

- 10 -

The district court did not err by failing to order USCIS to supplement the record. Ordering USCIS to supplement the record with documents pertaining to its reopening of the visa petition would have amounted to ordering discovery beyond the [certified administrative record (CAR)]. Such 'inquiry into executive motivation' would be justified only if Marllantas made a strong showing of bad faith. Marllantas did not make a showing of bad faith in the district court. Nor has Marllantas, on appeal, pointed to anything in the CAR indicating that USCIS acted in bad faith. Accordingly, the district court properly declined to order USCIS to produce the documents regarding its decision to reopen the visa petition." (quoting *Dep't of Commerce*, 139 S. Ct. at 2573, 2574; citation omitted)).

The Court therefore GRANTS in each above-captioned case the USCIS's motions, QUASHES the subpoenas, and ENTERS A PROTECTIVE ORDER prohibiting discovery until USCIS files the administrative record or until further order of the Court. And, in each above-captioned case referred to the undersigned for pretrial management, the Court will enter further orders consistent with Federal Rule of Civil Procedure 26(f) setting procedures for seeking leave to obtain extra-record discovery.

SO ORDERED.

DATED: April 21, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE